[747 NYS2d 549]

In the Matter of HELENE R. JAFFA, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 23, 2002

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Colette M. Landers* of counsel), for petitioner.

*Flamhaft Levy Kamins & Hirsch,* Brooklyn (*Barry Kamins* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The petitioner served the respondent with a petition, dated July 10, 2001, containing three charges of professional misconduct. After a pretrial conference on September 24, 2001, and a hearing on October 31 and November 26, 2001, the Special Referee sustained all three charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. In response to the motion, the respondent admits the three charges of professional misconduct, moves to confirm the Special Referee's report, and asks the Court to consider the mitigating factors in determining an appropriate measure of discipline to impose.

Charge One alleges that the respondent neglected a legal matter entrusted to her, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30).

In or about September 1998, Lori Hernandez retained the respondent to administer the estate of Carmela Ressa. Despite repeated inquiries by the client, the respondent failed to timely file a probate petition. The probate petition was not filed until approximately June 1999.

Charge Two alleges that the respondent misrepresented the status of a case to a client, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

In the months after her retainer, the respondent gave false assurances to Ms. Hernandez that she was working on the estate. In response to increasing inquiries from her client, the respondent falsely claimed, in or about February 1999, that the Surrogate's Court had misplaced and/or lost the file and the client's check for the Surrogate's Court filing fee. At that time, the respondent had the executor prepare a second probate petition and promised to file it immediately. The respondent then told her client that she would arrange a meeting with the Honorable Renee R. Roth in an effort to expedite the case. The respondent had no intention of arranging a meeting with Surrogate Roth with respect to this case.

Charge Three alleges that the respondent made false and misleading statements to the Grievance Committee by letter and under oath, in violation of Code of Professional Responsibility DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

Ms. Hernandez filed a complaint against the respondent with the petitioner in or about November 1999. In her answer to the complaint, dated February 1, 2000, the respondent stated that she had relied upon others to determine the status of the case and that such individuals had provided her with erroneous information which she conveyed to Ms. Hernandez.

The respondent testified under oath at the petitioner's offices on February 13, 2001, and repeated her assertions about relying on someone else to check the status of her case. She alleged that said person had lied to her. When questioned, the respondent refused to reveal the identity of that person. She stated that he was an attorney with a landlord/tenant practice in Flatbush who had a "hard life." That attorney allegedly had a severely handicapped child and an elderly mother in a nursing home. When beset with the petitioner's continued demands for the identity of that attorney, the respondent admitted that there was no such person. The respondent admitted that she had created a fictitious person to cover up her own negligence.

Inasmuch as the respondent's answer and admissions resolve any factual issues, the petitioner's motion to confirm the Special Referee's report, as joined in by the respondent, is granted. The Special Referee properly sustained all three charges.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that since her admission to the bar in 1989, there have been no other allegations of misconduct against her. The respondent has expressed sincere remorse, made full restitution, engaged in a substantial amount of pro bono work, taken steps to correct office procedures, and modified her case management system to insure that a similar event does not reoccur. The respondent has submitted letters attesting to her good character from attorneys and fellow professionals.

Based on the totality of circumstances, the respondent is publicly censured for her professional misconduct.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and H. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report, as joined in by the respondent, is granted; and it is further,

Ordered that the respondent, Helene R. Jaffa, is censured for her professional misconduct.